UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01683-SVW-JEM | Date | April 26, 2016 |
| Title | Stephen Richwood v. Brinker International Payroll Company, L.P. et al | | |

## JS-6

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12] and DENYING MOTION TO COMPEL ARBITRATION [13]

### I. Introduction and Background

Plaintiff Stephen Richwood filed this employment action alleging that Defendant Brinker International Payroll Company, L.P. failed to provide him meal and rest breaks, agreed upon wages (including overtime rates), and accurate wage statements during his employment. (Compl. ¶¶ 7-14). Plaintiff also alleges that Defendant harassed, discriminated, and retaliated against him by creating a hostile work environment, failing to provide him breaks, reducing his hours, demoting him, subjecting him to discipline, and terminating him. (Compl. ¶ 15).

On March 11, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Dkt. 1). Presently before the Court are Plaintiff's motion to remand, Dkt. 12, and Defendant's motion to compel arbitration, Dkt. 13. For the reasons stated below, the Court GRANTS Plaintiff's motion and DENIES Defendant's motion as moot.[1]

### II. Motion to Remand

---

[1] Upon review of the parties' briefs, the Court concludes that the motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, May 2, 2016 is VACATED and OFF-CALENDAR.

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01683-SVW-JEM | Date | April 26, 2016 |
|---|---|---|---|
| Title | *Stephen Richwood v. Brinker International Payroll Company, L.P. et al* | | |

**A. Legal Standard**

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.*

"Where, as here, it is unclear or ambiguous from the face of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Services of California*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). A speculative argument as to the amount in controversy is insufficient. *Gaus*, 980 F.2d at 567. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

**B. Discussion**

As a preliminary matter, the Court addresses both parties' apparent confusion regarding the Supreme Court's holding in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Plaintiff improperly focuses his motion on Defendant's failure to provide evidentiary support for the amount in controversy in Defendant's notice of removal. However, a defendant need only allege the amount in controversy in the notice of removal with reasonable plausibility. *Id.* at 554.

Defendant also incorrectly contends that after *Dart Cherokee*, a defendant need only allege plausible allegations related to the amount in controversy, and the party seeking remand has the burden of proving that jurisdiction is improper. As the Supreme Court made clear, however, "when the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, "[e]vidence establishing the amount is required" and the removing party must establish that the jurisdictional amount is met by a preponderance of the evidence. *Id.* Moreover, while the Supreme Court held that there is no anti-removal presumption in cases removed under the Class Action Fairness Act (CAFA), the Court explicitly refused to decide "whether such a presumption is proper in mine-run diversity cases." *Id.* Thus, contrary to Defendant's contention, the Supreme Court did not undermine existing Ninth Circuit precedent regarding either the presumption against removal or the removing party's

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01683-SVW-JEM | Date | April 26, 2016 |
|---|---|---|---|
| Title | *Stephen Richwood v. Brinker International Payroll Company, L.P. et al* | | |

burden to demonstrate that removal is proper.

    Turning to the merits of the present motion, the amount in controversy is unclear from the face of the complaint. Plaintiff does not identify how many or how often meal and rest breaks were denied, and does not provide specific facts surrounding the alleged harassment and discrimination against him, or his consequent emotional distress. Plaintiff only alleges that Defendant harassed, discriminated, and retaliated against him by creating a hostile work environment, failing to provide him breaks, reducing his hours, demoting him, subjecting him to discipline, and terminating him. (Compl. ¶ 15). Moreover, as to his emotional distress, Plaintiff only alleges that he "suffered humiliation, emotional distress, mental pain and anguish, and general damages. . . ." (Compl. ¶ 43).

    Defendant attempts to show the amount in controversy by assuming (1) a 100 percent violation rate for Plaintiff's claims regarding meal and rest breaks, overtime, and other wage and hour violations, (2) a $50,000 award for emotional distress damages based on other jury verdicts in actions involving discrimination and harassment, (3) an award of punitive damages, and (4) attorney's fees in excess of $75,000 if the case proceeds to trial.

    Defendant's speculative assumptions fail to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. First, even considering Defendant's assumptions, Defendant only accounts for compensatory damages in the amount of $37,121.85. Second, Defendant fails to establish any reliable measure of emotional distress damages or punitive damages. Defendant merely attaches a handful of jury verdicts in other race discrimination cases dated as far back as 1998 without any attempt to analogize those cases to the present case. Finally, the Court is unpersuaded by Defendant's reliance on *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. Sept. 11, 2013), for the proposition that attorney's fees alone will exceed $75,000.[2] In *Tiffany*, not only did the court find that the plaintiff was entitled to $47,920 in compensatory damages ($10,000 more than the present case), but trial was also scheduled to take place over two years later with an estimated length of 10 days. While the court

---

[2]     The Court also does not find significant Plaintiff's refusal to stipulate that the amount of damages is below the jurisdictional limit. There is no requirement for Plaintiff to do so. Moreover, the court in *Tiffany* merely noted that after the plaintiff failed to counter the evidence put forth by the defendant regarding the amount in controversy, the plaintiff also declined the opportunity to stipulate to limit the amount of damages sought. The court did not rely on the plaintiff's refusal to stipulate as the basis for denying the motion to remand.

 

                                                                                                                          :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01683-SVW-JEM | Date | April 26, 2016 |
|---|---|---|---|
| Title | *Stephen Richwood v. Brinker International Payroll Company, L.P. et al* | | |

found that litigation over two years and through a ten-day trial would result in attorney's fees in excess of $27,280, those circumstances are clearly not before this Court. As such, Defendant's speculation regarding the amount of attorney's fees at stake is too attenuated to carry its burden.

    For the foregoing reasons, the Court finds that Defendant has failed to meet its burden to show that the amount in controversy exceeds $75,000. Accordingly, the Court GRANTS Plaintiff's motion to remand [12]. The Court DENIES Defendant's motion to compel arbitration [13] as moot.

:

Initials of Preparer    PMC